AMBRO, Circuit Judge,
concurring and dissenting in part.
I write separately to note my view that both the majority and dissenting opinions are grounded in reasonable interpretations of Booker’s effect on restitution. On the one hand, Judge Fuentes’ opinion pragmatically avoids an outcome whose consequences — mandating the Government to prove loss amount to a jury beyond a reasonable doubt whenever it seeks restitution for victims — may prove cumbersome to implement. On the other hand, the broad language of Blakely and Booker appears to dictate that any fact controlling the maximum sentence that can be imposed must be admitted or proven to the jury. Thus, as articulated in Judge McKee’s dissent, under the federal restitution statutes the amount of loss — because it controls the maximum restitution that *349 can be imposed — must be subject to the Sixth Amendment’s jury requirement. Indeed, the difficulty of resolving the question before us, and the fact that Booker nowhere mentions restitution (though, to be fair, restitution was not an issue in Booker), suggest that the Supreme Court did not take restitution penalties into consideration in crafting the Booker remedy. Until the Supreme Court directs us otherwise, however, I believe that the broad language of Booker obligates us to hold that the Sixth Amendment applies to orders of restitution under the MVRA and VWPA. Therefore, I join in its entirety Judge McKee’s opinion concurring in part and dissenting in part.